**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00756-MOC**

| | | |
|---|---|---|
| **JAMES CROWE,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **MEMORANDUM OF DECISION AND ORDER** |
| **MECKLENBURG COUNTY, et al.** | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff James Crowe is currently detained at the Mecklenburg County Detention Center (the "Jail") in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on September 21, 2026, naming Mecklenburg County, the City of Charlotte, the "Mecklenburg County Commission Board for Judges," and the "Clerk of Court Office" as Defendants in this matter. [Doc. 1 at 2-3]. As best the Court can tell, Plaintiff alleges as follows.

On February 16, 2026, charges pending against Plaintiff were dismissed. [Id. at 5]. On June 7, 2026, Plaintiff was processed for a failure to appear, apparently stemming from the reinstitution of the dismissed "false" charges on April 27, 2026. Plaintiff has been held "on a double jeopardy case" since June 7, 2026. [Id. at 4-5].

Plaintiff purports to state claims for false imprisonment and under the Fifth, and Fourteenth Amendments, as well as for violation of Article 1, Section 19 of the North Carolina Constitution.

[Id. at 3]. Plaintiff alleges that he has suffered "many" injuries while held at the Jail but does not enumerate them. [Id. at 5]. Plaintiff seeks monetary and injunctive relief. [Id.].

The Plaintiff is no stranger to this Court. He has filed numerous § 1983 actions in this Court, resulting in at least seven dismissals due to his failure to comply with the Court's rules and orders. See, e.g., Crowe v. Montgomery, 3:25-cv-603-MR (dismissing on April 6, 2026 for failing to amend and update his address); Crowe v. Mecklenburg County, 3:26-cv-651-FDW (dismissing on September 18, 2026 for failing to sign the complaint); Crowe v. Canty, 3:25-cv-717-MR (dismissing on April 6, 2026 for failing to update his address); Crowe v. Muth, 3:25-cv-1019-MR (same on April 2, 2026); Crowe v. Aramark, 3:26-cv-57-KDB (same); Crowe v. Mecklenburg County Sheriff's Office, 3:26-cv-111-MEO (same); Crowe v. Creed, 3:26-cv-110-MOC (same on April 10, 2026).

He has been specifically cautioned against engaging in piecemeal, scattershot, and duplicative litigation. See, e.g., Crowe v. Montgomery, 3:25-cv-603-MR, Doc. 16 at 8 (cautioning the Plaintiff that "scattershot claims will be summarily dismissed," and that "piecemeal amendment will not be permitted"); Crowe v. Canty, 3:25-cv-717-MR, Doc. 10 (dismissing the scattershot complaint on initial review and cautioning Plaintiff that piecemeal amendment will not be permitted).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff's claims appear to be entirely barred by abstention principles. The Supreme Court held in Younger v. Harris, 401 U.S. 37 (1971), that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. Id. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, it appears that state criminal

charges remain pending against the Plaintiff, and he has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Court will, therefore, abstain from addressing the Plaintiff's claims while state court criminal charges are pending against him. Should Plaintiff, however, believe that his claims are not barred by Younger, he may amend his Complaint, addressing why Younger does not apply.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action. Given Plaintiff's numerous previous failures to prosecute the actions he files with this Court and his general abuse of this Court's time and resources, such dismissal will be with prejudice.

**The Plaintiff is strongly cautioned that the continued failure to comply with the Court's orders, or engaging in other abusive litigation practices, may result in the imposition of sanctions including dismissal and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: October 30, 2026

Max O. Cogburn Jr.
United States District Judge